UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAW OFFICE OF
ROBERT D. KOBIN, ESQ., LLC
66 Sunset Strip, Suite 205
Succasunna, New Jersey 07876
(973) 584-l400; (973) 584-8747
Attorneys for Plaintiff
Robert D. Kobin, Esq. ID 015881986
robertkobin@kobinlawllc.com

| | |
|---|---|
| FRANK AMENDOLA and BEVERLY AMENDOLA, his spouse,<br><br>       Plaintiffs,<br><br>vs.<br><br>SERGEANT JOHN ROON; OFFICER GREGORY GARCIA; OFFICER RICHARD ORNELAS; POLICE CHIEF ANTHONY FERNANDEZ; WHARTON/MINE HILL POLICE DEPARTMENT; MINE HILL TOWNSHIP; BOROUGH OF WHARTON; JOHN DOES 1-5; AND SUPERVISORY PERSONNEL 1-5,<br><br>       Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO:<br><br><br><br><br><br><br><br><br>COMPLAINT JURY DEMAND |

Plaintiffs Frank Amendola and Beverly Amendola, residing at 32 Oakwood Avenue, Mine Hill, Morris County, New Jersey 07803 by way of Complaint against the Defendants say:

**JURISDICTION**

1. At all times relevant hereto, the Plaintiffs Frank Amendola and Beverly Amendola were residents of the State of New Jersey at 32 Oakwood Avenue, Mine Hill, Morris County, New Jersey 07803.

2. At all times relevant hereto, upon information and belief, the individual Defendants were residents of the State of New Jersey.

3. At all times relevant hereto, the public entity Defendants were organized under the laws of the State of New Jersey.

4. Jurisdiction is proper within this United Stated District Court for the District of New Jersey, pursuant to 28 U.S.C. Sec. 1331 as the matter in controversy involves Federal questions under 42 U.S.C. Sec. 1983. The Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. Sec. 1367.

## THE PARTIES

1. At all times relevant hereto, Defendants Sergeant John Roon, Officer Gregory Garcia, and Officer Richard Ornelas were police officers employed by the Wharton/Mine Hill Police Department, Municipal Building, 10 Robert Street, Wharton, NJ 07885 and were responsible for upholding and enforcing the law and maintaining the peace in the municipalities of Mine Hill and Wharton, Morris County, New Jersey and were purportedly engaging in law enforcement activity under color of State law at the time of the incident set-forth herein. These Defendants are being named herein in both their individual and official capacities.

2. At all times relevant hereto, Defendant Chief Anthony Fernandez was the Chief of Police for the Wharton/Mine Hill Police Department located at Municipal Building, 10 Robert Street, Wharton, Morris County, New Jersey 07885 and was responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the municipalities of Mine Hill and Wharton, Morris County, New Jersey pursuant to N.J.S.A. 40A:14-118, et seq. at the time of the incident set-forth herein. Defendant Chief Anthony Fernandez is being named herein in both his

individual and official capacities. At all times relevant hereto, Defendant Chief Anthony Fernandez was operating under the color of State law at the time of the incident.

3. At all times relevant hereto, Defendant Wharton/Mine Hill Police Department is a law enforcement agency whose principal place of business is located at 10 Robert Street, Wharton, Morris County, New Jersey 07803 and at all times relevant hereto Defendant Wharton/Mine Hill Police Department had the duty to provide training, supervision and/or overall management of the Wharton/Mine Hill Police Department.

4. At all times relevant hereto, the Borough of Wharton and Mine Hill Township were incorporated pursuant to the Municipal Laws of the State of New Jersey. Defendant Borough of Wharton provided police protection services to Mine Hill Township pursuant to the Interlocal Services Act, N.J.S.A.40:8A-1, et seq. At the time of the incident set-forth herein these municipalities had the duty to exercise their powers and authority over the police department pursuant to N.J.S.A. 40A:14-118 et. seq. and to provide training, supervision and/or overall management of the police department.

5. At all times relevant hereto, Defendants John Does 1-5 are individuals who may have been responsible for the violation of the Plaintiff Frank Amendola's Federal and State Constitutional rights and the resulting damage. Defendants John Does 1-5 are named in both their individual and official capacities. Should continuing discovery reveal the true identities of Defendants John Does 1-5, this Complaint shall be amended to include the same.

6. Defendants Supervisory Personnel 1-5 are fictitious individuals who may have been responsible for the management, training and/or supervision of Defendants Sgt. John Roon, Off. Gregory Garcia, Off. Richard Ornelas and/or John Does 1-5. Defendants Supervisory Personnel 1-5 are named in both their individual and official capacities. Should continuing discovery reveal the true identities of Defendants Supervisory Personnel 1-5, this Complaint shall be amended to include the same.

7. Hereinafter Defendants Mine Hill Township and Borough of Wharton shall be referred to as "Defendant Municipalities". Defendants Chief Anthony Fernandez and Supervisory Defendants 1-5 shall be referred to as "Defendant Supervisors". Defendants Roon, Garcia and Ornelas shall be referred to individually and/or as "Defendant Officers" depending on context.

## FACTUAL BACKGROUND

1. On or about April 18, 2017, Plaintiff Frank Amendola had traveled to an Aamco Transmission center in Dover, Morris County and was returning to his home when he was confronted in his driveway by Defendants Garcia and Roon.

2. After the initial encounter between Plaintiff Frank Amendola and Defendants Garcia and Roon, Defendant Ornelas arrived on the scene.

3. When the Plaintiff arrived at his home, he exited his vehicle with the intention of entering his home when he was engaged by Defendants Roon and/or Garcia. Plaintiff was ordered to return to his car and to collect his credentials. When the Plaintiff complied with the direction of the Defendant Officers, i.e. returning to his vehicle and sitting in the driver's seat, the Defendant Officers assaulted the Plaintiff Frank Amendola which assault included but was not limited to Defendant Ornelas beating the Plaintiff Frank Amendola with his MEB (Monadnock Expandable Straight Baton).

4. As a result of the assault by the Defendant Officers, Plaintiff Frank Amendola sustained significant and serious bodily injury including but not limited to a displaced fracture of the distal radial shaft and dislocation of the distal radial ulnar joint which required surgery consisting of open reduction and internal fixation of the radial shaft fracture with closed reduction of the distal radial ulnar joint.

5. Subsequent to the assault by the Defendant Officers upon the Plaintiff Frank Amendola, the Plaintiff was handcuffed and charged with violation of N.J.S. 2C:29-2.(b); 2C:29-2.a.(3)(a); and, 2C:12-1.b.(5)(a) as well as various motor vehicle offenses. The factual statements of the Defendant

4

Officers in their reports and probable cause statements were willful, wanton, and malicious misrepresentations of fact which misrepresentations of fact resulted in the issuance of Warrant 1420 W 2017 000023 and the subsequent incarceration of the Plaintiff. The factual statements were blatantly false, did not justify the finding of probable cause, the charging of the Plaintiff, and his subsequent incarceration.

## COUNT ONE

### The Stop and Seizure of the Plaintiff Frank Amendola Without Probable Cause
### In Contravention of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et. seq. and the Fourth Amendment of the U.S. Constitution and 42 U.S.C. Sec. 1983.

### Defendants Sgt. John Roon, Off. Gregory Garcia, Off. Richard Ornelas and John Does 1-5

1. Plaintiff Frank Amendola repeats and reiterates the allegations of the Parties and Factual Background as though set forth verbatim herein.

2. The seizure, arrest and incarceration of the Plaintiff Frank Amendola, was without probable cause in that there was no objective basis for the actions of the Defendant Officers.

3. The actions of the Defendant Officers violated the clearly established Constitutional right of the Plaintiff not to be subjected to seizure of his person without probable cause. A reasonable law enforcement officer in the circumstances presented knew or would have known that he was violating the Constitutional right of the Plaintiff to be free from unreasonable searches and seizures, i.e. searches and seizures not premised upon probable cause. A reasonable law enforcement officer in the circumstances presented, knew or should have known that he was violating the Constitutional rights of the Plaintiff. The actions of the Defendant Officers constitute violations of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et seq. and the Fourth Amendment of the U.S. Constitution and 42 U.S.C. Sec. 1983.

4. As a direct result of the violation of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et seq. and the Fourth Amendment of the U.S. Constitution and 42 U.S.C. Sec. 1983, the Plaintiff Frank Amendola sustained severe and permanent personal injuries, suffered emotional distress, mental anguish, humiliation and was wrongfully and unlawfully incarcerated.

WHERERFORE, Plaintiff Frank Amendola demands judgment against Defendants Officers and/or John Does 1-5 jointly, severally or in the alternative for compensatory damages, legal fees, costs of suit, and any other relief that the court deems reasonable and just.

## COUNT TWO

### Excessive Force
### In Contravention of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et. seq. and the Fourth Amendment of the U.S. Constitution and 42 U.S.C. Sec. 1983.

**Defendants Sgt. John Roon, Off. Gregory Garcia, Off. Richard Ornelas and John Does 1-5**

1. Plaintiff Frank Amendola repeats and reiterates the allegations of the Parties, Factual Background and First Count as though set forth verbatim herein.

2. The actions of Defendant Officers as set-forth herein were not necessary to effectuate the seizure and arrest of the Plaintiff and constitute excessive and unreasonable force contrary to Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et. seq. and the Fourth Amendment of the U.S. Constitution and 42 U.S.C. Sec. 1983. The conduct of the Defendant Officers was clearly assaultive in nature, and undertaken without any legal justification.

3. The actions of the Defendant Officers violated the clearly established Constitutional right of the Plaintiff to be free from unreasonable seizures, i.e., seizures involving the use of excessive force. A reasonable law enforcement officer in the circumstances presented, would know or should have known that he was violating the Constitutional rights of the Plaintiff.

4. As a direct result of the violation of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et seq. and the Fourth Amendment of the U.S. Constitution and 42 U.S.C. Sec. 1983, the Plaintiff Frank Amendola sustained severe and permanent personal injuries and suffered emotional distress and mental anguish.

WHERERFORE, Plaintiff Frank Amendola demands judgment against Defendants Officers and/or John Does 1-5 jointly, severally or in the alternative for compensatory damages, legal fees, costs of suit, and any other relief that the court deems reasonable and just.

## COUNT THREE

### Punitive Damages

### Defendants Sgt. John Roon, Off. Gregory Garcia, Off. Richard Ornelas and John Does 1-5

1. Plaintiff Frank Amendola repeats and reiterates the allegations of the Parties, Factual Background, First and Second Counts as though set forth verbatim herein.

2. The actions of Defendant Officers as set-forth herein were intentional, wanton and willfully in disregard of the Constitutional rights and the physical well being of the Plaintiff. Pursuant to N.J.S. 2A:15-10 et seq. and principles of Federal common law applicable to Constitutional violations, the imposition of punitive damages would be justified given the nature of the actions of the Defendant Officers.

WHEREFORE, Plaintiff Frank Amendola demands judgment against the Defendant Officers and/or John Does 1-5 jointly, severally or in the alternative for punitive damages, interest, attorneys fees, and costs of suit, and such other relief as the Court deems reasonable and just.

## COUNT FOUR

### Defendant Supervisors Chief Anthony Fernandez and Supervisory Personnel 1-5

1. Plaintiff Frank Amendola repeats and reiterates the allegations of the Parties, Factual Background, First, Second and Third Counts as though set forth verbatim herein.

2. The Defendant Supervisors were directly aware, or should have been aware, of the danger of the Defendant Officers probable violation of a citizen's Constitutional right not to be subject to unreasonable seizures and excessive force.

3. Despite this knowledge, the Defendant Supervisors took no steps to discipline, terminate, train and/or supervise the Defendant Officers such that they would not engage in the violation of the Constitutional rights of individuals such as the Plaintiff Frank Amendola.

4. Defendant Supervisors were deliberately indifferent to the dangers presented by the Defendant Officers while engaged in their purported law enforcement duties under color of State law. This deliberate indifference was a product of the policy and/or custom of the Defendant Supervisors to condone the actions of the Defendant Officers by virtue of the Defendant Officers training, supervision, and the policies, procedures and directives promulgated and carried out by the Defendant Supervisors.

5. As a direct result of this deliberate indifference of Defendant Supervisors and the policy and customs promulgated and carried out by the Defendant Supervisors, Plaintiff Frank Amendola was subjected to an illegal and unconstitutional seizure of his person, and was subjected to an illegal and unjustified assault on his person, thereby causing him to be wrongfully incarcerated, and to sustain severe and permanent personal injuries and suffer emotional distress and mental anguish.

6. As a direct result of the Defendant Supervisors' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of 42 U.S.C. Sec. 1983, and the Fourth and Fourteenth Amendments of the U.S. Constitution.

7. As a direct result of the Defendant Supervisors' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et. seq.

WHEREFORE, Plaintiff Frank Amendola demands judgment against the Defendants Chief Anthony Fernandez and Supervisory Personnel 1-5, jointly, severally or in the alternative for compensatory damages, interest, attorney's fees, and costs of suit, and such other relief as the Court deems reasonable and just.

## COUNT FIVE

### Defendant Municipalities
### Mine Hill Township and Borough of Wharton

1. Plaintiff Frank Amendola repeats and reiterates the allegations of the Parties, Factual Background, First, Second, Third and Fourth Counts as though set forth verbatim herein.

2. It was the policy and/or custom of the Defendant Municipalities to condone the actions of the municipalities' police officers such as the Defendant Officers by virtue of their training, supervision, policies, procedures and/or directives. The Defendant Municipalities were deliberately indifferent to the probability that the Defendant Officers would engage in conduct that resulted in the unlawful seizure of the person of individuals such as the Plaintiff Frank Amendola and the use of unnecessary and excessive force.

3. As a direct result of the deliberate indifference of Defendant Municipalities and the policy and customs promulgated by the Defendant Municipalities, Plaintiff Frank Amendola was subjected to an illegal and unconstitutional seizure of his person, and was subjected to an illegal and unjustified assault on his person, thereby causing him to be wrongfully incarcerated, and to sustain severe and permanent personal injuries and suffer emotional distress and mental anguish.

4. As a direct result of the Defendant Municipalities' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of 42 U.S.C. Sec. 1983, and the Fourth and Fourteenth Amendments of the U.S. Constitution.

5. As a direct result of the Defendant Municipalities' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et. seq.

WHEREFORE, Plaintiff Frank Amendola demands judgment against the Defendant Municipalities Mine Hill Township and Borough of Wharton jointly, severally or in the alternative for compensatory damages, interest, attorney's fees, and costs of suit, and such other relief as the Court deems reasonable and just.

## COUNT SIX

### Willful Misrepresentations by Defendants Sgt. John Roon, Off. Gregory Garcia, Off. Richard Ornelas and John Does 1-5

1. Plaintiff Frank Amendola repeats and reiterates the allegations of the Parties, Factual Background, First, Second, Third, Fourth, and Fifth Counts as though set forth verbatim herein.

2. As set-forth in the Factual Background, the Plaintiff Frank Amendola was incarcerated on Warrant 1420 W 2017 000023. The charging and incarceration of the Plaintiff on a Warrant was the result of the willful, wanton, and malicious misrepresentations of the Defendant Officers, and therefore, in direct contravention of N.J. Court Rules 3:3-1, 3:4-1, case law and/or statutes applicable to a pre-trial detention. As a direct and proximate result of the Plaintiff's incarceration on this Warrant, the Plaintiff suffered an extended detention and deprivation of his right to freedom and liberty.

3. An objective and reasonable police officer in the position of the Defendant Officers would know or should have known that their actions violated the referenced N.J. Court Rules.

4. Said excessive charging by the Defendant Officers was committed with actual malice, and/or with a wanton and willful disregard of persons who foreseeably might be harmed by the Defendant Officers' action. Pursuant to N.J.S.A. 2A:15-5.10, Plaintiff Frank Amendola prays for punitive damages.

5. It was the policy and/or custom of the Municipal Defendants and Defendant Supervisors to condone and/or encourage violations of Court Rules, case law, and statutes, pertaining to pre-trial detention and by virtue of the training of officers, supervision, policies, procedures and/or directives, these Defendants would be deemed to have been deliberately indifferent to violations of the Court Rules, case law and statutes governing the issuance of Warrants and pre-trial detention.

6. As a direct and proximate result of the violation of the rules pertaining to pre-trial detention and issuance of Warrants, Article I, paragraph 7 of the N.J. Constitution, the Fourth and Fourteenth Amendments of the U.S. Constitution, the Plaintiff was caused to be unlawfully incarcerated and as such suffered loss of liberty, freedom, mental anguish and humiliation.

7. WHEREFORE, Plaintiff Frank Amendola demands judgment against the Defendant Officers; Defendant Municipalities; Defendant Supervisors, jointly, severally or in the alternative for compensatory damages, punitive damages as to Defendant Officers, interest, attorney's fees, and costs of suit, and such other relief as the Court deems reasonable and just.

## COUNT SEVEN

1. Plaintiff Beverly Amendola repeats the allegations contained in the Parties, Factual Background, First, Second, Third, Fourth, Fifth and Sixth Counts of the Complaint as if set forth herein verbatim.

2. Plaintiff Beverly Amendola is the spouse of Plaintiff Frank Amendola.

3. As a further result of the conduct of the Defendants, Plaintiff Beverly Amendola has suffered and shall continue to suffer the loss of companionship, consortium, and services during the period of Plaintiff Frank Amendola's disability.

WHEREFORE, the Plaintiff Beverly Amendola demands judgment against the Defendant Officers; Defendant Municipalities; Defendant Supervisors, jointly, severally or in the alternative for compensatory damages, interest, attorney's fees, and costs of suit, and such other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs hereby requests trial by jury.

## DESIGNATION OF TRIAL COUNSEL

In accordance with R.4:25, Robert D. Kobin, Esq. is hereby designated as trial counsel for the Plaintiffs in the above.

## DEMAND FOR DOCUMENTS

Plaintiff demands that Defendants provide Plaintiff with a true and accurate copy of each Defendant's Insurance Agreement including Excess Coverage Policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, within the time frame prescribed by the Rules of Court.

## CERTIFICATION

1. The within matter in controversy is not the subject of any other action pending in any court or any pending arbitration proceeding.

2. No other action or an arbitration proceeding is contemplated by Plaintiff herein.

3.  No other party should presently be joined in this action.

                                              LAW OFFICE OF
                                              ROBERT D. KOBIN, ESQ., LLC

Dated: April 28, 2022                        By: /s/ Robert D. Kobin
                                                     Robert D. Kobin (RK 5312)